IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CONNIE J. HUGHES                                                                                    PLAINTIFF

vs.                                       Civil No. 2:15-cv-02154

CAROLYN W. COLVIN                                                                               DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Connie Hughes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on September 25, 2009. (Tr. 303-316). Plaintiff alleges being disabled due to kidney problems, diabetes, back and hip pain (Tr. 358).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff alleges an onset date of September 4, 2009. (Tr. 303-316). The applications were denied initially and again upon reconsideration. (Tr. 116-119).

Thereafter, Plaintiff requested an administrative hearing, and the request was granted. (Tr. 183-186). Plaintiff's administrative hearing was held on May 6, 2010. (Tr. 31-63). Plaintiff was present and represented by counsel, Michael Hamby. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at the hearing. *Id*. At this administrative hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI).  As for her education, Plaintiff testified she had completed high school. (Tr. 36).

Following the hearing, on August 27, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 120-132).  Subsequently, the Appeals Council granted Plaintiff's request to review the ALJ's decision and remanded the case for further evaluation and consideration. (Tr. 137-140).  Following the Appeals Council's remand, a second administrative hearing was held on May 7, 2012. (Tr. 64-90).  Plaintiff was present at this hearing and also represented by Mr. Hamby. *Id.*   Plaintiff and VE Sarah Moore both testified at the hearing.  *Id*. Following the hearing, on July 6, 2012, the ALJ entered a second unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 145-157).  The Appeals Council granted review of the decision and remanded the case for a second time for further consideration and evaluation. (Tr. 164-167).

On December 19, 2013, a third administrative hearing was held. (Tr. 91-115).  Plaintiff was also present at this hearing and represented by Mr. Hamby. *Id.*  Plaintiff and VE Jim Spragins both

2

testified at the hearing. *Id*. At the hearing, the ALJ noted Plaintiff had filed a subsequent claim for Title II benefits on January 14, 2013. (Tr. 11). The ALJ also noted that he had considered the subsequent claim and consolidated it with Plaintiff's current claims. *Id*. Following the hearing, on March 26, 2014, the ALJ issued an unfavorable decision denying her applications for benefits. (Tr. 8-22). In this decision, the ALJ found Plaintiff met the disability insured status requirements under Title II of The Act, as amended, as of September 4, 2009, the alleged date of onset of disability through the date of the decision. (Tr. 14, Finding 1). He also found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 4, 2009. (Tr. 14, Finding 3). The ALJ determined Plaintiff had severe impairments of hypertension, insulin dependent diabetes mellitus, polynephritis, scoliosis, migraine headaches and bipolar disorder, but Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14, Findings 4 and 5).

In the decision, the ALJ considered the entire record and determined Plaintiff had the residual functional capacity ("RFC") to perform light work, limited to ~~except~~ simple tasks with simple instructions and only incidental contact with the public. (Tr. 16, Finding 6). The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 20, Finding 7). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21). In making his determination, the ALJ relied upon the testimony of the VE as to whether jobs exist in the national economy for an individual with the Plaintiff's age, education, work experience, and RFC. *Id*. Specifically, the VE testified an individual with Plaintiff's limitations would be able to perform the requirements of the following two light, unskilled occupations: (1) price marker with about 3,000 such jobs in Arkansas

3

and 319,000 nationwide and (2) plastic molding machine tender with 2,400 jobs in Arkansas and 168,000 nationally. *Id*. Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from September 4, 2009 through the date of the decision. (Tr. 21, Finding 13).

Plaintiff requested review by the Appeals Council of the March 26, 2014 decision by the ALJ. (Tr. 6-7). However, the Appeals Council denied Plaintiff's request for review of the decision. (Tr. 1-5). Thereafter, on August 10, 2015, Plaintiff filed the present appeal with this Court. ECF No. 1, and the Parties consented to the jurisdiction of this Court. ECF No. 5.  The case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions

represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ failed on remand to mention previous impairments found in prior ALJ opinions and failed to consider those previous impairments in the overall decision; and (2) the ALJ erred in determining light work with limits of simple tasks and simple instructions and only incidental contact with the public in light of other restrictions on light work in prior ALJ opinions. ECF No. 13 at 1-5. Defendant argues in her response that upon remand, the ALJ is not bound by a previous ALJ's RFC finding when the previous finding was unclear. ECF No. 14 at 1-7. Furthermore, the ALJ did not err in his determination of light work with limits of simple tasks and simple instruction and only incidental contact with the public when the decision was made on a more extensive record. *Id*. The Court will consider each of these arguments.

**A.    Previous Severe Impairments**

Plaintiff asserts the ALJ failed to note severe impairments of obesity, atrophic left kidney, degenerative disc disease, chronic renal insufficiency and status post right side carpal tunnel release. ECF No. 13 at 3-4. To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. *See* Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. *See Brown v. Yuckert*, 482 U.S. 137, 153-54

(1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. *See Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

In this matter, Plaintiff did not allege obesity as a basis for disability when she applied for benefits, nor did she testify her weight specifically caused any functional restrictions. *Davis v. Barnhart*, 197 Fed. Appx. 521 (8th Cir. 2006) (ALJ did not err in failing to consider the claimant's weight as an impairment because the claimant did not allege obesity in her application or testify about limitations resulting from her weight). Moreover, none of Plaintiff's other treating doctors opined that her obesity imposed any functional restrictions. *See Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) (ALJ did not err in failing to consider obesity when treating doctors noted that claimant was obese but did not opine that his obesity imposed any additional work-related limitations, and claimant did not testify that his obesity imposed additional restrictions). In his opinion, the ALJ specifically stated there was not a Listing for obesity, but he considered Plaintiff's obesity in conjunction with her other impairments. (Tr. 14).

With regard to Plaintiff's argument that the ALJ failed to note the atrophic left kidney[2] and chronic renal insufficiency, while the ALJ did not find atrophic left kidney and chronic renal insufficiency were severe impairments, he did find polynephritis[3] to be a severe impairment and addressed it accordingly in his determination. (Tr. 14). Furthermore, the record reveals Plaintiff was able to work with this condition, and as long as she followed the prescription medication

---

[2]Atrophy–A wasting of tissues, organs, or the entire body, as from death and reabsorption of cells, diminished cellular proliferation, decreased cellular volume, pressure, ischemia, malnutrition, lessened function or hormonal changes. *Stedman's Medical Dictionary* 178 (28th ed. 2006).

[3]Nephritis–Inflammation of the kidneys. *Stedman's Medical Dictionary* 1289 (28th ed. 2006).

instructions, she did not have severe symptoms or reoccurring flare ups. (Tr. 575, 580, 619, 623-625, 628-629).

Plaintiff also asserts the ALJ failed to note Plaintiff's previously determined severe impairment of degenerative disc disease. On August 20, 2009, Plaintiff underwent sensory NCS testing on her bilateral upper extremities by Dr. Duane L. Birky at Sparks Neurology Center. (745-747). Results showed evidence in one muscle only of an underlying chronic radicular process, likely at C7 or C8 on Plaintiff's left side. *Id*. However, while Dr. James Kelly of the River Valley Musculoskeletal Center in Fort Smith initially opined Plaintiff had cervical radiculopathy in her right arm, (Tr. 526) an x-ray of Plaintiff's cervical spine on September 15, 2009 showed only mild degenerative change with no evidence of fracture or spondylotisthesis, well-maintained vertebral body heights and disc spaces, and an overall normal cervical spine for her age. (Tr. 528). A subsequent MRI on September 29, 2009 showed no abnormalities. (661-662). After reviewing the evidence of record, the Court finds substantial evidence to support the ALJ's determination Plaintiff's degenerative disc disease was not a severe impairment.

Finally, Plaintiff argues the ALJ failed to note the severe impairment of status post right side carpal tunnel release. Plaintiff's records demonstrate she had previously undergone cubital tunnel surgery and carpal tunnel surgery. (Tr. 526). At the second hearing in this matter, Plaintiff testified her surgeries were successful, she had no residual side effects from her hand and arm surgeries, and she had full use of her right arm. (Tr. 82). Dr. Thomas Cheyne's notes from September 15, 2009, reflect that while Plaintiff was experiencing some right forearm and hand numbness specifically involving the third and fourth fingers of the right hand, she had normal sensory and motor function of the upper extremities. (Tr. 526). At the third hearing, Plaintiff testified she was experiencing

some numbness in her right hand and pain going up from her hand to her elbow. (Tr. 108). Substantial evidence supports the ALJ's determination that status post right side carpal tunnel release was not a severe impairment.

Based on the above, substantial evidence supports the ALJ's determination that Plaintiff's obesity, atrophic left kidney, degenerative disc disease, chronic renal insufficiency and status post right side carpal tunnel release were not severe impairments.

### B. The ALJ's RFC Determination

Plaintiff asserts the ALJ did not consider the impairments described above in the determination of Plaintiff's RFC. ECF No. 13 at 3-4. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id.*

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical

records when he determined Plaintiff could perform light work with limitations of simple job tasks and incidental contact with the public. Plaintiff's capability to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir.1999) (lack of physician-imposed restrictions militates against a finding of total disability). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination of light work with limitations.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of February 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE